United States District Court
Southern District of Texas
**ENTERED**
April 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTOS CARRILLO-MONTOYA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-57 |
| | § | CRIM. ACTION NO. 1:19-165-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 20, 2020, Santos Carrillo Montoya ("Carrillo-Montoya") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. Carrillo-Montoya asserts that his attorney was ineffective for failing to seek dismissal of the indictment as time-barred.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

After conducting that review, the Court recommends that the petition be denied. Carrillo-Montoya's claim is meritless.

## I. Factual & Procedural Background

### A. Indictment, Guilty Plea & Sentencing

On February 19, 2019, the grand jury indicted Carrillo-Montoya on one count of illegally re-entering the United States after being been previously deported, in violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Carrillo-Montoya, Criminal No. 1:19-165-1, Dkt. No. 5 (J. Rodriguez presiding) [hereinafter CR]. The indictment alleged that Carrillo-Montoya was found in the United States on February 6, 2019. Id.

On April 2, 2019, Carrillo-Montoya pled guilty to the sole count in the indictment, but did not enter into a plea agreement with the Government. CR Dkt. No. 29.

1

In the final presentence report ("PSR"), Carrillo-Montoya was assessed a base offense level of eight. CR Dkt. No. 15, pp. 4–5. He was also assessed a four–level enhancement for a prior felony conviction for illegal re-entry, a violation of 8 U.S.C. 1326(a). Id. He was also assessed an eight-level enhancement for a prior felony conviction, other than illegal re-entry, which Carrillo-Montoya committed after he was first ordered removed from the United States. Id.

Carrillo-Montoya was afforded a three-level reduction for acceptance of responsibility. Id. Thus, Carrillo-Montoya was assessed a total offense level of 17. Id.

Regarding his criminal history, Carrillo-Montoya had three adult criminal convictions and was assessed five criminal history points, resulting in a criminal history category of III. CR Dkt. No. 15, p. 6–7. An offense level of 17 and criminal history category of III produced a sentencing guideline imprisonment range of 30 to 37 months.

On July 23, 2019, the Court sentenced Carrillo-Montoya to 30 months of incarceration, two years of supervised release, and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 26. The judgment was entered on July 31, 2019. Id.

### B. Direct Appeal

On July 24, 2019, Carrillo-Montoya timely filed a notice of appeal. CR Dkt. No. 23.

On September 12, 2019, Carrillo-Montoya's appellate counsel filed an Anders[1] brief, stating that there were no non-frivolous appealable issues. Carrillo-Montoya v. US, Case. No. 19–40646 (5th Cir. 2019); CR Dkt. No. 35. Appellate counsel also filed a motion to withdraw Id. On January 13, 2020, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." Id. Accordingly, the Fifth Circuit dismissed the appeal. Id.

Carrillo-Montoya did not file a petition for writ of certiorari with the Supreme Court. Carrillo-Montoya had 90 days in which to file that petition; that deadline expired

---

[1] Anders v. California, 368 U.S. 738 (1967).

on April 13, 2020. SUP. CT. R. 13.1.  Thus, Carrillo-Montoya's conviction became final on April 13, 2020. Clay v. U.S., 537 U.S. 522 (2003).

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On April 20, 2020, Carrillo-Montoya timely filed the instant § 2255 petition. Dkt. No. 1.  Carrillo-Montoya raises a single claim of ineffective assistance of counsel, namely that his lawyer failed to raise a statute of limitations defense.  Carrillo-Montoya argues that the statute of limitations for § 1326 is five years and he was indicted more than five years after he was deported from the United States.[2]

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II. Applicable Law

### A. Section 2255

Carrillo-Montoya seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he or she were fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

---

[2] It does not appear that Carrillo-Montoya is challenging his increased sentencing exposure under § 1326(b)(1) based upon the age of his prior convictions.  The Court notes that § 1326(b) does not place any temporal limitations on the age of the prior convictions used to increase the maximum sentence. § 1326(b)(1)-(4).  Furthermore, Carrillo-Montoya's 2012 conviction for illegal re-entry was within the permitted period to be assigned criminal history points in the PSR. U.S.S.G. § 4A1.2(e).

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Carrillo-Montoya's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly

4

dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Carrillo-Montoya's claim.

Carrillo-Montoya has raised a single claim of ineffective assistance of counsel. Carrillo-Montoya asserts that the five-year statute of limitations began running when he was deported from the United States in 2012. Dkt. No. 1, p. 5. He argues that because he was not arrested until 2019, the statute of limitations had expired, and counsel was ineffective for failing to seek dismissal of the indictment. This argument is legally meritless.

Illegally re-entering the United States "is a continuing offense, which is committed at three discrete points in time: (1) when one illegally enters the United States; (2) attempts to illegally enter the United States; or (3) when a deported alien is found at any time in the United States." U.S. v. Munoz-Garcia, 533 F. App'x 364, 367 (5th Cir. 2013) (unpubl.) (quoting U.S. v. Gonzales, 988 F.2d 16, 18 (5th Cir. 1993) (cleaned up)[3]. The offense "begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by the [immigration authorities] in the United States." U.S. v. Compian-Torres, 712 F.3d 203, 207 (5th Cir. 2013) (quoting U.S. v. Corro–Balbuena, 187 F.3d 483, 485 (5th Cir. 1999)).

Accordingly, the statute of limitations does not begin running when the alien enters the United States, but rather when the alien is "found in" the United States. U.S. v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). "[T]o be 'found' within the meaning of Section 1326(a) requires that immigration authorities have: (1) actual knowledge of the alien's physical presence, and (2) actual or constructive knowledge that the alien's presence is illegal." U.S.

---

[3] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md.App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Flores-Abarca v. Barr, 937 F.3d 473, 479-81 (5th Cir. 2019) (using "cleaned up").

5

v. Ramirez-Salazar, 819 F.3d 256, 258 (5th Cir. 2016). The statute of limitations is five years. 18 U.S.C. § 3282.

There is no evidence in the record showing that the immigration authorities were aware of Carrillo-Montoya's presence more than five years before he was indicted. See Gunera, 479 F.3d at 376 (concluding that a §1326 indictment was time-barred when defendant had filed for protected immigration status, notifying authorities of his presence in U.S., more than five years prior to indictment). Indeed, Carrillo-Montoya was arrested on February 6, 2019, when the immigration authorities found him, while "conducting Linewatch operations," marking the first time that the authorities had actual knowledge of his physical presence in the United States. CR Dkt. No. 1; CR Dkt. No. 15, p. 4. Carrillo-Montoya was indicted 10 days later, well within the statute of limitations. CR Dkt. No. 5.

Given that any motion to dismiss the indictment as time-barred would have failed, counsel was not deficient for failing to file one. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). This claim is meritless and should be denied.

**IV. Recommendation**

It is recommended that Petitioner Santos Carrillo-Montoya's § 2255 petition be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial

of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Carrillo-Montoya's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Carrillo-Montoya's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on April 28, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge